UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**Fred Marcantel and Cindy Marcantel**                             Civil Action No. 07-381

versus                                                                                    **Judge Tucker L. Melançon**

**Unit Petroleum Co.,** *et al*                                      Magistrate Judge C. Michael Hill

MEMORANDUM RULING

Before the Court is an unopposed[1] Motion for Summary Judgment and Memorandum in Support thereof [Rec. Doc. 21] filed by defendant, Unit Petroleum Company ("Unit"), to dismiss plaintiffs' claims against it. For the reasons that follow, the Motion will be GRANTED.

I. BACKGROUND

From the evidence of record, the pertinent facts are as follows. On February 6, 2006, Fred Marcantel, who was employed by Tanner Construction Company, Inc., was delivering supplies to Unit Drilling Rig No. 38, "a drilling rig owned, operated and/or under the control of defendants or either of them, located in the parish of Vermillion,

---

[1] The certificate of service included within defendant's Motion for Summary Judgment indicates that the Motion, along with defendant's Memorandum in Support, Statement of Material Facts, and proposed order, were served on plaintiffs through their counsel of record, Jack D. Miller, *via* U.S. Mail on April 23, 2007, and filed electronically same date with the Clerk of Court using the CM/ECF system. Pursuant to L.R. 7.5W and Fed.R.Civ.Proc.5 and 6, the deadline for filing any opposition to defendant's Motion was Friday, May 11, 2007.

State of Louisiana," when he allegedly slipped on mud and/or chemicals, resulting in serious injuries and damages [*State Court Petition,* Rec. Doc. 1].

Plaintiffs filed suit in the Fifteenth Judicial District Court, Parish of Vermillion, State of Louisiana, naming Unit Petroleum Company and/or Unit Drilling Company and Cimarex Energy Company as defendants. The original and supplemental petitions that plaintiffs filed in this matter allege that the injuries and damages incurred by Fred Marcantel when he slipped and fell on Unit Drilling Rig No. 38 were caused by no fault of his own, but by the negligence and/or fault of the defendants in: (1) failing to maintain a safe environment to allow persons making delivery to safely traverse the rig area; and (2) failing to warn persons traversing the rig area of the danger of mud and/or chemicals located thereon [Rec. Doc. 1]. Fred Marcantel's wife, Cindy Marcantel, also claims resulting injury and damages for loss of companionship, love, affection, society and consortium. On March 2, 2007, the matter was removed to the United State District Court for the Western District of Louisiana and assigned to the undersigned judge [Rec. Docs. 2, 5].

In moving for summary judgment, Unit represents that it does not own any interest in or exercise any control over the operations of Unit Drilling Company and that it did not own, operate or in any way control Unit Drilling Company's Rig. No. 38 on February 6, 2006, the date of the accident that forms the basis for plaintiffs' complaint. (*Defendant's Motion*).

2

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[2] *Id.* at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine

---

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW & ANALYSIS

As an initial matter, the fact that plaintiffs have not filed an opposition to defendant's Motion for Summary Judgment does not necessarily signify that defendant should prevail on the merits. "A motion for summary judgment cannot be granted simply

because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, plaintiffs' failure to file an opposition to defendant's Motion for Summary Judgment and corresponding statement of uncontested material facts requires the Court to deem defendant's statement of uncontested material facts admitted for purposes of the instant motion. *See* Local Rule 56.2W.

Under Louisiana law and the established jurisprudential duty-risk analysis, the elements of a negligence cause of action are fault, causation and damage. La. Civ. Co. Arts. 2315, 2316. *Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company*, 137 So. 2d. 298 (La. 1962). The Fifth Circuit has described the duty-risk analysis in the following manner:

> The determination of whether the defendant owes a duty to the plaintiff and whether the risk of injury sustained by the plaintiff falls within the ambit of that duty is the crucial portion of this analysis, for it supplants the traditional proximate cause inquiry.

*Andrus v. Trailers Unlimited,* 647 F.2d 556, 558 (5th Cir. 1981). Thus, a plaintiff seeking to recover damages for personal injuries must prove that the defendant had a duty to prevent his injuries and that the risk which caused the injury was within the scope of that duty. *Hanks v. Entergy Corp.,* 944 So.2d 564 (La. 2006). In circumstances such as those presented in the case at bar, a plaintiff typically proves that a defendant had a duty

towards him by proving that the defendant, in some way, controlled the instrumentality that caused his injuries. In *Leon L. Giorgio, Jr. v. Alliance Operating Corporation, et al,* 921 So.2d 58 (La. 2006), the Louisiana Supreme Court held that a plaintiff could not prove that the defendant had any duty to prevent the damages caused by the production platform in question, where it was shown that the defendant did not own or exercise any control over the platform. This case presents such a situation wherein it is clear that plaintiffs have failed to establish an essential element of liability, *to wit*, duty on the part of the defendant, thus there can be no recovery under Louisiana law.

Unit's laconic argument is that under Louisiana law, as extrapolated above, Unit has no liability for injuries that allegedly occurred on a rig that it did not own and had no control over. (*Defendant's Motion)*. The undisputed facts are that Unit Petroleum Company and Unit Drilling Company are two totally and completely separate entities and Unit Petroleum Company did not own Unit Drilling Company's Rig No. 38, nor did it have any right to control its operation on the date of this accident. (*Id.*).

In support, Unit presents the affidavit of Bradford J. Guidry, Senior Vice President of Exploration of Unit Petroleum Company, (*Affidavit of Bradford J. Guidry,* attached as Exhibit A to defendant's Motion). Guidry avers that Unit Petroleum Company and Unit Drilling Company are separate corporate entities and that Unit Petroleum Company does not own any interest in or exercise any control over the operations of Unit Drilling Company; nor did it own, operate, or in any way control Unit Drilling Company's Rig

No. 38 on February 6, 2006.

Based on the record before the Court, it is clear that Unit Petroleum Company was erroneously and improperly named as a defendant in this matter and that the entirety of plaintiffs' claims against it should and will be dismissed. In light of the burden placed on the Court to fully consider and adjudicate an unopposed motion for summary judgement, the Court is at a loss as to why plaintiffs' counsel of record, Jack D. Miller, as an officer of this Court, did not voluntarily dismiss his clients' claims against a wrongfully named defendant, but instead required the Court to dismiss that defendant by way of summary judgment thus necessitating some, although minimal, neural energy by the Court in to resolve the matter.

## IV. CONCLUSION

As stated, the facts are not in dispute. Unit claims by summary judgment motion that it is not responsible to the plaintiffs for the damages sustained as a result of Fred Marcantel's injury. Plaintiffs have not come forward with any summary judgment evidence suggesting that Unit is responsible and that summary judgment should not be granted. When considered in a light most favorable to plaintiffs, there is no material factual dispute and the Court finds that summary judgment is appropriate. For the reasons set out herinabove, defendant's motion for summary judgment will be GRANTED and plaintiffs' claims against defendant will be DISMISSED in its entirety with PREJUDICE.

7